RESOLUCIÓN
Examinada la Moción en Auxilio de Jurisdicción, así como el Recurso de Certificación Intrajurisdiccional presentados por la parte peticionaria de epígrafe, se provee “no ha lugar” a ambas.

Notifíquese por teléfono y facsímil.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular de conformidad, al que se *517 unió la Jueza Asociada Oronoz Rodríguez. La Jueza Asociada Señora Pabón Charneco certificaría el asunto de epígrafe e hizo constar las expresiones siguientes:
Al igual que en otras ocasiones, por ser un caso de alto interés público y en el que solo existen controversias de derecho, hubiera certificado el caso de autos. Véanse: Rivera Schatz v. ELA et als., 191 DPR 449 (2014); AMPR et als. v. Sist. Retiro Maestros II, 190 DPR 88 (2014). No obstante, es mi opinión que ante el derecho aplicable, los peticionarios no tienen probabilidad de prevalecer en los méritos de la controversia, por lo que conviene atenderla inmediatamente para no dilatar más los procedimientos en nuestros tribunales.
En el esquema constitucional federal, Puerto Rico es un territorio de Estados Unidos sujeto a los poderes plenarios del Congreso por virtud de la Cláusula Territorial de la Constitución federal. Harris v. Rosario, 446 US 651 (1980); Franklin California Tax-Free v. Puerto Rico, 2015 WL 4079422 (1er Cir. 2015); Pueblo v. Sánchez Valle et al., 192 DPR 594 (2015). Siendo ello así, el Tribunal Supremo federal ha decidido que las garantías constitucionales que se denominen como fundamentales aplican a Puerto Rico por su propia fuerza, ya sea por virtud de la Decimocuarta o de la Quinta Enmienda de la Constitución federal. Torres v. Puerto Rico, 442 US 465, 471 (1979).
El 26 de junio de 2015 el Tribunal Supremo federal resolvió el caso Obergefell v. Hodges, 135 S. Ct. 2584, 192 L. Ed.2d 609. En este se determinó que al amparo del interés libertario garantizado por la cláusula de debido proceso de ley de la Decimocuarta Enmienda de la Constitución federal, existe un derecho fundamental al matrimonio. Es decir, la decisión de nuestro más alto foro judicial fue diáfana al reconocer un derecho fundamental que emana del debido proceso de ley, el cual se garantiza tanto en la Decimocuarta como en la Quinta Enmienda de la Constitución federal. Por lo tanto, soy del criterio que lo resuelto en Obergefell v. Hodges, supra, aplica ex proprio vigore al territorio de Puerto Rico.
La Rama Judicial del territorio de Puerto Rico, al igual que los tribunales de los estados de la unión, no tiene poder para revisar o cuestionar una decisión del Tribunal Supremo federal.
El Juez Asociado Señor Kolthoff Caraballo expediría para pautar. El Juez Asociado Señor Rivera García desea hacer constar la expresión siguiente:
Entiendo que el recurso de certificación intrajurisdiccional *518 peticionado se trata de un asunto de alto interés público concerniente a una controversia de estricto derecho para la cual los peticionarios demandantes aducen argumentos que bajo el actual estado de derecho son improcedentes a la luz de la opinión emitida por el Tribunal Supremo de Estados Unidos en Obergefell v. Hodges, 135 S. Ct. 2584, 192 L. Ed.2d 609. En ese caso, la Corte Suprema federal resolvió específicamente que la prohibición del matrimonio entre parejas del mismo sexo es inconstitucional. Esto fundamentado en las garantías propias de libertad y debido proceso de ley cobijadas en la Decimocuarta Enmienda de la Constitución de Estados Unidos. Es innegable que dictámenes como el anterior aplican al territorio de Puerto Rico. Véase, e.g., Examining Bd. v. Flores de Otero, 426 U.S. 572, 600 (1976). Siendo así, cualquier disposición en nuestro ordenamiento que no sea cónsona con ello pierde cualquier validez jurídica. Puerto Rico no puede negarse a reconocer los matrimonios entre la personas del mismo sexo. Ese es el derecho vigente y según el cual todos los tribunales, incluyendo esta Curia, deben regirse. En atención a lo anterior, expediría el recurso solicitado y finiquitaría la controversia de forma expedita.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Voto particular de conformidad emitido por la
Juez Asociada Señora Rodríguez Rodríguez, al que se une la Jueza Asociada Oronoz Rodríguez.
Cuando los funcionarios del Estado promueven una acción para negarles a sus ciudadanos las protecciones que dispensa la Constitución e impedirles el ejercicio de un derecho fundamental palmariamente reconocido al amparo de esta, no cabe duda de que nuestro ordenamiento constitucional está bajo asedio. Más aún, cuando para ello esgrimen argumentos harto artificiosos que, a lo sumo, denotan un desconocimiento alarmante de las normas cardinales que rigen nuestro ordenamiento constitucional. Así, dado que el recurso de epígrafe pretende impedir la efectiva materialización de un derecho fundamental debidamente re *519 conocido por la Constitución federal, la cual indefectiblemente vincula los poderes públicos del Estado Libre Asociado de Puerto Rico (ELA), me veo obligada a suscribir este voto particular de conformidad. Ello, con el fin de atender el asunto principal planteado en el caso de epígrafe, a saber, la aplicabilidad, en nuestra jurisdicción, de lo resuelto por el Tribunal Supremo federal en Obergefell v. Hodges, 135 S. Ct. 2584; 192 L. Ed. 2d 609 (26 de junio de 2015).
I
El 26 de junio de 2015, el Tribunal Supremo de EE. UU., en Obergefell, resolvió que la prohibición de matrimonios de parejas del mismo sexo es inconstitucional, de acuerdo con la libertad protegida por la cláusula del debido proceso de ley de la Decimocuarta Enmienda. Ello en la medida en que tal prohibición incide en el legítimo ejercicio del derecho fundamental a contraer nupcias, esto es, al matrimonio. Asimismo, ese Foro aludió al principio de igualdad contenido en esa enmienda como fundamento ulterior de lo allí resuelto. Véase Obergefell v. Hodges, No. 14-556, slip op., pág. 22 (“[T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty”), http://www.supremecourt.gov/opinions/ 14pdf714-556-3204.pdf
Así las cosas, el 9 de julio de 2015, los peticionarios(1) presentaron una demanda contra el ELA y varios de sus funcionarios. En esta alegaron que lo resuelto por el Tribunal Supremo de EE. UU. en Obergefell no aplica en la jurisdicción del ELA, puesto que este es un territorio y no un estado sujeto a las limitaciones que supone la Decimo *520 cuarta Enmienda de la Constitución federal. Es decir, los peticionarios argumentaron que la presunta condición territorial del ELA es un fundamento legítimo para distinguir la decisión del Tribunal Supremo federal, puesto que esta se fundamentó en la Decimocuarta Enmienda, la cual es únicamente aplicable a los estados.
Además, solicitaron que se paralizaran los efectos de la Orden Ejecutiva OE-2015-021, mediante la cual el Gobernador del ELA—Hon. Alejandro García Padilla— ordenó a las agencias y dependencias de la Rama Ejecutiva que atemperaran sus procedimientos administrativos con tal de acatar lo resuelto por el máximo foro federal en Obergefell. Adujeron, pues, que la orden ejecutiva en cuestión es inconstitucional, toda vez que contraviene la doctrina de separación de poderes.
El 10 de julio de 2015, por su parte, el Tribunal de Primera Instancia emitió una orden, en la que denegó la solicitud de paralización presentada por los peticionarios. Asimismo, el foro primario determinó que la controversia planteada por los peticionarios era de estricto Derecho. Por ende, concedió a los demandados un término de cinco días para que estos expresaran su postura.
Inconformes, el 13 de julio de 2015, los peticionarios recurrieron de esta orden ante este Tribunal, a través de un recurso de certificación intrajurisdiccional, acompañado de una moción en auxilio de jurisdicción. En estos, se limitan a reiterar los argumentos presentados ante el foro primario y, en consecuencia, solicitan que este Tribunal obvie el trámite juridicial ordinario y atienda las controversias planteadas en primera instancia.
El ELA, por su parte, se opuso y señaló, entre otros particulares, que no se satisfacían los requisitos para la expedición del recurso de certificación intrajurisdiccional ni de la moción en auxilio de jurisdicción. Además, cuestionó los méritos de los planteamientos esbozados por los peticionarios, así como la legitimación activa de estos.
*521 Hoy, una mayoría de este Tribunal rechaza la invitación que le cursaran los peticionarios. En el mejor de los casos, tal rechazo no es más que un reconocimiento tácito de cuán inmeritorios —acaso frívolos— son los planteamientos que aducen los peticionarios. Así, con tal de disipar cualquier duda respecto a estos, conviene dilucidar someramente la controversia medular que presenta el recurso de epígrafe: lo resuelto por el Tribunal Supremo de EE. UU. en Obergefell, ¿aplica al ELA?
II
De entrada, conviene destacar que el ámbito de libertad protegido por la Decimocuarta Enmienda, en virtud de la cláusula del debido proceso de ley, es virtualmente idéntico a aquél protegido por la Quinta Enmienda. Véanse, por ejemplo: Wallace v. Jaffree, 472 US 38, 48-49 (1985); E. Chemerinsky, Constitutional Law.: Principles and Policies, 3ra ed., Nueva York, Aspen Pub., 2006, págs. 506-507.(2) Por lo tanto, es indudable que la vertiente sustantiva del debido proceso de ley que tutela la Decimocuarta Enmienda limita las prerrogativas de los estados en la misma extensión que la cláusula análoga de la Quinta Enmienda, la cual hace lo propio respecto al gobierno federal. Chemerinsky, op. cit., pág. 507 (“From a practical perspective, except for the requirements of a 12-person jury and a unanimous verdict, the Bill of Rights provisions that have been incorporated apply to the states exactly as they apply to the federal government”).
En lo que atañe al ELA, y en atención a su particular situación en el andamiaje constitucional norteamericano, *522 (3) el Tribunal Supremo de EE. UU. ha dicho expresamente que las protecciones que consagra la cláusula del debido proceso de ley —dimane ésta de la Decimocuarta o de la Quinta Enmienda— limitan los poderes públicos que este ejerce en sus límites territoriales.
The Court’s decisions respecting the rights of the inhabitants of Puerto Rico have been neither unambiguous nor exactly uniform. The nature of this country’s relationship to Puerto Rico was vigorously debated within the Court as well as within the Congress. Coude, The Evolution of the Doctrine of Territorial Incorporation, 26 Col.L.Rev. 823 (1926). It is clear now, however, that the protections accorded by either the Due Process Clause of the Fifth Amendment or the Due Process and Equal Protection Clauses of the Fourteenth Amendment apply to residents of Puerto Rico. The Court recognized the applicability of these guarantees as long ago as its decisions in Downes v. Bidwell, 182 U.S. 244, 283-284, 21 S.Ct. 770, 785, 45 L.Ed. 1088 (1901), and Balzac v. Porto Rico, 258 U.S. 298, 312-313, 42 S.Ct. 343, 348, 66 L.Ed. 627 (1922). The principle was reaffirmed and strengthened in Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957), and then again in Calero-Toledo, 6 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), where we held that inhabitants of Puerto Rico are protected, under either the Fifth Amendment or the Fourteenth, from the official taking of property without due process of law. (Enfasis suplido). Examining Bd. v. Flores de Otero, 426 US 572, 599-601 (1976). Véanse, también: Torres v. Puerto Rico, 442 US 465, 471 (1979); Caledo-Toledo v. Pearson Yacht Leasing Co., 416 US 663, 668 esc. 5 (1974).
En consecuencia, no existe controversia en torno a la aplicación de la cláusula del debido proceso de ley en el ELA, al margen de si ésta proviene de una enmienda u otra. La indeterminación respecto a la enmienda según la cual la cláusula en cuestión aplica al ELA es, en cualquier caso, inocua. Esto, ya que, según se dijo, esa cláusula, en ambas enmiendas, tiene el mismo alcance.
*523 Por otro lado, el Tribunal Supremo federal ha reconocido que el matrimonio es un derecho fundamental al amparo de la libertad protegida por la cláusula del debido proceso de ley, en su vertiente sustantiva. Véanse: Obergefell v. Hodges, No. 14-556, slip op., págs. 22-23; United States v. Windsor, 133 S.Ct. 2675, 2695 (2013); Zablocki v. Redhail, 434 US 374, 384 (1978); Loving v. Virginia, 388 US 1, 12 (1967). Véase, además, Chemerinsky, op. cit., págs. 798-801. Así, es imperativo concluir que el derecho a contraer nupcias es de carácter fundamental con independencia de la enmienda de la Constitución federal que se invoque para su vindicación. Por ende, dado que el ámbito de protección de tales enmiendas es virtualmente el mismo, es inmeritorio cualquier planteamiento que pretenda distinguir entre una enmienda y otra, so pena de atentar contra el carácter fundamental del derecho en cuestión. Valga enfatizar que lo verdaderamente fundamental en ese derecho es el reconocimiento que supone de la libertad individual que la vertiente sustantiva del debido proceso de ley protege.
H-1 H-1 1—(
En consideración de lo anterior, es innegable que lo resuelto por el Tribunal Supremo federal en Obergefell es aplicable en el ELA, sea bajo la Quinta o la Decimocuarta Enmienda. Más aún, dado el carácter fundamental del derecho concernido, este aplicaría al ELA incluso bajo la lógica de los Casos insulares. Según esta, la Constitución federal no aplica ex proprio vigore a los territorios no incorporados, salvo lo atinente a derechos fundamentales. Véanse, por ejemplo: Flores de Otero, supra, pág. 599 esc. 30; E. Rivera Ramos, The Legal Construction of Identity: The Judicial and Social Legacy of American Colonialism in Puerto Rico, Washington, DC, American Psychological Association, 2001, pág. 91; E. Rivera Ramos, The Legal Cons *524 truction of American Colonialism: The Insular Cases (1901-1922), 65 Rev. Jur. UPR 225, 261 (1996). En consecuencia, establecido el carácter fundamental del derecho que nos ocupa, la tutela de este sería insoslayable en nuestra jurisdicción. El planteamiento sustantivo de los peticionarios, por tanto, es patentemente inmeritorio. Lo resuelto por el Tribunal Supremo de EE. UU. en Obergefell, en tanto reafirma el carácter fundamental del derecho al matrimonio y en cuanto delimita la extensión de este, es incuestionablemente aplicable en el ELA.
IV
Por los fundamentos previamente expuestos, y puesto que los argumentos sustantivos de los peticionarios carecen de mérito alguno, estoy conforme con la determinación de proveer “no ha lugar” tanto al recurso de certificación intrajurisdiccional como a la moción en auxilio de jurisdicción.

 A saber, los legisladores María M. Charbonier Laureano, Waldemar Quiles Rodríguez, Pedro J. Santiago Guzmán y Luis G. León Rodríguez.

 En otros contextos, además, se ha reiterado que incluso los derechos fundamentales incorporados a través de la cláusula del debido proceso de ley de la Decimocuarta Enmienda tienen la misma extensión que sus formulaciones originales en las primeras diez enmiendas de la Constitución federal (llamadas, en conjunto, Bill of Rights). Véanse, por ejemplo: McDonald v. Chicago, 561 US 742, 766 (2010); Malloy v. Hogan, 378 US 1, 10-11 (1964).

 Véase, por ejemplo, Examining Bd. v. Flores de Otero, 426 US 72, 596 (1976) (“We readily concede that Puerto Rico occupies a relationship to the United States that has no parallel in our history”).